clear

The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT FOR THE
WESTERN OF WASHINGTON
AT TACOMA

THE GEO GROUP, INC.,

                Plaintiff,

v.

CITY OF TACOMA, a Washington municipal corporation,

                Defendant.

No. 3:18-cv-05233-RBL

**DEFENDANT CITY OF TACOMA'S MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIMS**

NOTE ON MOTION CALENDAR:
Friday, January 10, 2020

## I.  INTRODUCTION AND RELIEF REQUESTED

The Court has already dismissed Plaintiff's damages claim, as well as its claims under the Supremacy Clause seeking declaratory and injunctive relief. Dkts. 48 & 75. Based on the Court's holdings in Dkt. 75 (*Order on Cross Motions for Summary Judgment*), the remaining claims under federal and state substantive due process and equal protection should be dismissed in their entirety.

Regarding the federal/state substantive due process claims, Plaintiff fails to prove that the City's enactment of Ordinance 28491 "shocked the conscience" or was clearly arbitrary and unreasonable with no substantial relation to the public health, safety, morals, or general welfare under the applicable "rational basis" standard. As to the federal/state equal protection claims, this Court has explicitly held the [Amended] Ordinance "is non-

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 1
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

discriminatory,"[1] and those claims must also be dismissed. Once these substantive claims have been dismissed, the declaratory judgment action necessarily fails since it is only a remedy and not a standalone claim.

Accordingly, the City asks this Court to dismiss Plaintiff's state and federal substantive due process and equal protection claims and dismiss this action with prejudice.

## II. STATEMENT OF FACTS

### A. Legislative History of and Purposes Underlying Ordinance 28491.

This Court is well-versed in the background of the Northwest Detention Center (NWDC) and the City's adoption and amendment of Ordinance 28491, based upon the parties' previous Motions for Summary Judgment. Dkts. ## 50, 63. In addition to the facts below, the City incorporates by reference its facts laid out in Dkt. # 63, *City's Cross-Motion and Response.*

Ordinance 28491 was adopted in response to concern for the dwindling land development space in the City's PMI zone, and also to modify the definition of "correctional facility," creating a clear definition and use category for such facilities. Under the Ordinance, a Conditional Use Permit ("CUP") would now be required for <u>new</u> correctional and detention facilities[2] in their permitted zones (*i.e.*, the M-1 zone), or for expansion of existing correctional and detention facilities. The recitals of Ordinance 28491 confirm the purposes and effect of the zoning ordinance:

> WHEREAS the proposed correctional and detention facilities permanent regulations recommended by the Planning Commission would amend Sections 13.05.020, 13.06.100, 13.06.200, 13 .06.300, 13.06.400, 13.06.640,13.06. 700, and 13.06A.050 of the TMC, and would (1) modify the current definition of "correctional facility" and create a new and clearly distinct definition and use category for "detention facility"; (2) prohibit correctional and detention facilities in PMI (Port Maritime Industrial), M-2 (Heavy Industrial), and R-4L (Low Density Multi-family)

---

[1] Dkt. 75, 12:7.
[2] Ordinance 28491 was corrected in subsequently enacted Ordinance 28604, which corrected a scrivener's error in the original Ordinance. *See*, Dkt. #73, *Supplemental Declaration of Steve Victor Confirming Amendment of Ordinance No. 28491 to Fix Scrivener's Error*, **Ex. A**

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

zones; (3) allow correctional and detention facilities in the M-1 (Light Industrial), R-4 (Multi-family), and R-5 (Multi-family) zones; (4) require a Conditional Use Permit for new correctional and detention facilities (in zones where they are allowed) or significant modifications to existing ones; and (5) as part of the Conditional Use Permit process, require expanded public notice (to properties within 1,000 feet) and a pre-application community meeting....

*Id.* at Ex. A. Importantly, under the express terms of the Ordinance, the NWDC is allowed to remain at its location and continue to operate as a legal nonconforming use. The City's land use expert, attorney and author Richard Settle, agrees:

> "The NWDC is an existing nonconforming use and [is] entitled to remain in existence under TMC 13.06.630C.1 and changed under TMC 13.06.630C and expanded under TMC 13.06.630C and 13.06.640P... [T]the effect of the challenged Ordinance [28491] may be amended through a rezone (map amendment) to change the zoning of the NWDC site to M-1, or, through a zoning text amendment, to allow the correction and detention facility in the PMI zone."

*Declaration of Richard Settle,* Dkt. # 65-1[3] at ¶ 1.11.

As Mr. Settle also notes, "[t]he Ordinance does not in any way limit, prevent, or prohibit the existing operations of NWDC... [and] does not prohibit change or expansion of existing correction and detention centers, including NWDC." *Id.* at ¶ 1.4. The applicable City Code provisions "allow changes in nonconforming structures and uses subject to typical, reasonable limitations, and allow expansion that would not increase traffic and parking by more than 10% as a matter of right, subject to reasonable performance standards, and expansion to an unlimited extent through a conditional use permit process." *Id.* Correctional and detention facilities are treated similarly in terms of the zoning district in which they are permitted.[4] TMC 13.06A.050. *Id.* and *Supplemental Declaration of Steve Victor,* Dkt. # 73.

The Ordinance's recitals, which are expressly incorporated as the City Council's legislative findings, provide in pertinent part:

---

[3] *Defendant's FRCP 26(a)(2) Disclosure of Expert Testimony of Richard L. Settle ("Settle Report").*

[4] Significantly, the Ordinance contains no mention of NWDC whatsoever. The language of the Ordinance is appropriately general in nature and not specifically limited to NWDC or institutions with the specific characteristics of NWDC, and it applies to all defined correction and detention centers in the City of Tacoma. *Settle Report,* ¶ 1.3.

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 3
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

> WHEREAS some of the significant issues, concerns, and challenges the Planning Commission and City Council have faced during deliberation of the interim and permanent regulations concerning correctional and detention facilities include: (1) the legality and appropriateness of the City's use of its land use regulatory authority to potentially address this broad-reaching, politically charged, and largely national-level issue; (2) the impact of the state's Growth Management Act and provisions relative to Essential Public Facilities; (3) broader land use concerns about allowing non-typical "residential" uses in the areas zoned for "traditional" multi-family dwellings; (4) broader land use concerns, and the inconsistency with the Comprehensive Plan policies, about allowing non-typical "residential" uses in the Tideflats industrial area that is considered not appropriate for temporary or permanent housing; and (5) the quality of life, health, safety, environmental, equity, and liability concerns of people living in areas not appropriate for human living; and
>
> WHEREAS, based on the public hearing and Council deliberation the Council developed additional amendments to Sections 13.06.100 and 13.06.400 which would (1) change the Commissions' recommendation and prohibit correctional and detention facilities in the R-4 (Multi-family), and R-5 (Multi-family) zones; (2) limit the availability of expansion for correctional and detention facilities by conditional use in the M-1 zone, to M-1 zones that in place as of January 1, 2018; (3) expand the notification requirements for correctional and detention facility expansion by CUP in the M-1 zones to 2500 feet; and
>
> WHEREAS, in formulation the additional amendments, the Council considered the testimony of residents and the weight of existing City, regional and State policies regarding the protection of scarce and dwindling port maritime industrial land from non-industrial uses, and
>
> WHEREAS the City Council finds it in the best interest of public health, safety and welfare to enact the proposed correctional and detention facilities permanent regulations, as recommended by the Planning Commission, and amended by the Council.

*Declaration of Michael C. Walter, Dkt. # 64*, Ex. A, p. 000021-24.

Based on this express language, the primary intent of the Ordinance is to prevent the <u>new</u> siting or expansion of housing facilities in the PMI District, an area determined to be unsafe and unsuitable for human habitation. This purpose is clearly within the City's broad

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 4
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

authority as a First-Class Charter City to provide for public health safety and welfare.[5] Another important purpose is to preserve scarce PMI land from the new siting or expansion of non-PMI uses; clearly in furtherance of the City's GMA responsibilities regarding the port element of its comprehensive plan pursuant to RCW 36.70A.085. As Mr. Settle makes clear, each of these reasons are "well within reasonable public interest bases for adopting the Ordinance and, thus, there were rational public interest bases for adopting the ordinance, as required by state and local constitutional due process and equal protection provisions." *Settle Report*, ¶ 1.10.

Ordinance 28491 implements the intent of the City Council by allowing/permitting detention facilities like the NWDC in M-1 (Manufacturing) Districts that were in existence as of January 1, 2018, by a Conditional Use Permit. Under Ordinance 28491, the NWDC becomes a legal non-conforming use that may continue indefinitely at its present location under the City's non-conforming use regulations. Plaintiff speculates as to what might occur if GEO in the future submits a land use permit application, but to-date Plaintiff has submitted no land use applications regarding the NWDC. Thus, this is strictly a facial challenge to the Ordinance.

**B.    Claims Remaining to be Adjudicated.**

Plaintiff's damages claims and its claims under the Supremacy Clause have been dismissed. Dkts. # 48 & 75. The only claims remaining are Plaintiff's federal and State substantive due process claims, and claims that the Ordinance violated federal equal protection and the privileges and immunities clause of the State Constitution. The substantive due process claims fail under well-established law requiring evidence that adoption or facial application of the Ordinance "shocks the conscience" or is clearly

---

[5] "Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws. *Washington State Constitution, Article XI, section 11*. "to the effect that '[a]ny fair or reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied,' should not be followed in determining a question involving the powers of a city of the first class..." *State ex Rel. Ennis v. Superior Court for Spokane County*, 153 Wash. 139, 279 Pac. 601 (1929).

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 5
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

arbitrary and unreasonable with no substantial relation to the public health, safety, morals, or general welfare under the applicable "rational basis" standard, based on a plain reading of the Ordinance. The equal protection claims should be dismissed on their face because this Court has held that the Amended Ordinance "is non-discriminatory."[6] Once these substantive claims are dismissed, the declaratory judgment action necessarily fails because it is solely a remedy that is dependent on an underlying cause of action.

### III. ARGUMENT/ANALYSIS

#### A. Summary Judgment is Appropriate.

A motion for summary judgment should be granted if there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to produce evidence supporting its claims. *Id.* Rule 56(e) provides that a party opposing summary judgment may not rest upon mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. "Hence the nonmoving party may not merely state that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim. Instead, it must produce at least some "significant probative evidence tending to support the complaint." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (internal citations omitted).

Nor can a party rely on "conclusory, speculative testimony in affidavits," to defeat summary judgment. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir.2007); see also *Nelson v. Pima Community College*, 83 F.3d 1075, 1081–82 (9th Cir.1996)

---

[6] Dkt. #75, 12:7.

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 6
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment"). If the nonmoving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

**B.   Plaintiff's Remaining Claims Fail as a Matter of Law and Must be Dismissed.**

This Court has held that "GEO's challenge [to the Ordinance] is essentially facial." Dkt. #75, at 7:22. Our courts have repeatedly noted that "[a] facial challenge to a legislative Act is, of course, the most difficult to challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987). In the context of Plaintiff's intergovernmental immunity argument, this Court has concluded that "GEO cannot meet this standard." Dkt. #75, at 12:6. This conclusion is also relevant to Plaintiff's remaining equal protection and substantive due process claims and supports dismissal of those claims.

**1.   Plaintiff's *Federal* Substantive Due Process Claim Must be Dismissed**

First, the basis of GEO's substantive due process claims is that it "has a protected and cognizable property interest in ownership, use and development of its property, including continued use of its property as a federal immigration detention facility." Dkt. #43-1 at ¶50 (federal) and ¶55 (state). However, Ordinance 28491 does nothing to prohibit the continued use of the NWDC building or land as a federal detention facility. Given the absence of any actual impact on the property right at the basis of the claim, GEO cannot meet the "exceedingly high burden" to sustain a substantive due process claim. *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) (noting only "egregious official conduct" amounting to an "abuse of power lacking any reasonable justification in the service of a legitimate governmental objective" will be considered "arbitrary in the constitutional sense."); *United States v. Salerno, supra,* 481 U.S. at 746 (holding substantive due process is meant to prevent conduct that "shocks the conscience.").

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 7
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Second, "[s]ubstantive due process provides no basis for overturning validly enacted state statutes unless they are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. If the legislature could have concluded rationally that certain facts supporting its decision were true, courts may not question its judgment." *Spoklie v. Montana*, 411 F.3d 1051, 1059 (9th Cir. 2005). *See, also, North Pacifica, LLC v. City of Pacifica,* 526 F.3d 478, 484-85 (9th Cir. 2008) (maintaining a substantive due process claim challenging a land use action requires a showing that the action "lacked a rational relationship to a government interest."). The Ninth Circuit has consistently found that a wide variety of justifications put forth by states or cities in support of regulations have met this "minimal standard." *Spoklie*, at 1059.

> There is, of course, no federal Constitutional right to be free from changes in the land use laws. To establish a violation of their right to substantive due process, the Dodds must prove that the County's actions were '***clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare***.' A substantive due process claim requires proof that the interference with property rights was <u>irrational and arbitrary</u>. Federal judicial interference with a local government zoning decision is proper only where the government body could have ***no legitimate reason for its decision***. There is no denial of substantive due process if the question as to whether the government acted arbitrarily or capriciously is 'at least debatable.'

*Dodd v. Hood River County*, 59 F.3d 852, 864 (9th Cir. 1995) (emphasis added).

In *Dodd*, the Dodds purchased property in forest use zone, intending to build a home. They informed the County of their intentions to build a home, and the County repeatedly recognized and acknowledged those intentions, even suggesting "compatibility" with then-existing planning goals. *Dodd,* at 864. However, the County then adopted a restrictive zoning ordinance limiting construction of dwellings, and subsequently denied applications for land use permits, variances, zone changes, and comprehensive plan changes. Even in light of the Dodds' express prior correspondence with the County, the Ninth Circuit found no evidence to support the Dodds' claim that the County acted arbitrarily and capriciously. *Id.* at 864. The Court found that the zoning ordinance was

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 8
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

adopted and applied by the County in order to advance legitimate state interests, and the rational basis of the decision was "at least debatable." Therefore, summary judgment in favor of the County was appropriate. *Id.* at 865.

Similarly, in *Nelson v. City of Selma*, 881 F.2d 836 (9th Cir. 1989), the issue was whether changing the zoning of 13 acres to "low-density residential" was rationally-related to the promotion of the public health, safety or welfare. The court held:

> There is ample evidence in the record to support the [claim that] rezoning was rationally related to legitimate government interests. The preservation of the character and integrity of single-family neighborhoods, prevention of undue concentration of population, prevention of traffic congestion and maintenance of property values are all legitimate purposes of planning and zoning. The opposition of neighbors to a development project is also a legitimate factor in legislative decision-making.

*Id.* at 839. Because the "rational relation" of the zoning actions to legitimate governmental interests was "fairly debatable," the court upheld the governmental action. *Id.* at 839.

Here, the rationales supporting Ordinance 28491 are not clearly arbitrary or pretextual, and each of them rationally and facially implicates important matters of public safety, health, and welfare that are well within a city's legitimate police power. *Id.* The City of Tacoma's reasoning for changing the zoning of the allowable uses in the Port Maritime Industrial (PMI), Heavy Industrial (M-2), and Low Density Multi-Family (R-4L) zones is rationally related to the legitimate objectives outlined in the Ordinance itself, including, *inter alia*: (1) "allowing non-typical residential uses such as a detention facility in the industrial area that is considered not appropriate for temporary and permanent housing; and (2) for the quality of life, health, safety environmental equity and liability concerns of people living in areas not appropriate for human living" among other reasons. Ordinance 28491, at 2. *See, also, Settle Report,* ¶ 1.10 (these objectives are "well within reasonable public interest bases for adopting the Ordinance and, thus, there were rational public interest bases for adopting the ordinance, as required by state and local constitutional due process and equal protection provisions.").

Because the City has demonstrated legitimate government objectives in support of

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 9
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

the Ordinance, the City's action falls far short of "shocking the conscience" or being clearly arbitrary and unreasonable with no substantial relation to the public health, safety, morals, or general welfare of the City of Tacoma. Accordingly, Plaintiff's federal substantive due process claim must be dismissed.

### 2. Plaintiff's *State* Substantive Due Process Claims also Fail

Similarly, the State substantive due process claim should be dismissed because the same analysis is employed for a State claim. Article I, section 3 of the Washington Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law." The substantive component of due process "protects against arbitrary and capricious government action even when the decision to take action is pursuant to constitutionally adequate procedures." *Yim v. City of Seattle*, 2019 WL 5997021 *2 (2019).

The Washington State Supreme Court recently held in *Yim* that rational basis review applies to laws regulating the use of property. "Independent state law does not require heightened scrutiny in article I, section 3 substantive due process challenges to laws regulating the use of property…. This Court traditionally has practiced great restraint in expanding state due process beyond federal perimeters." *Id.* at *3.

The *Yim* Court concluded that "article I, section 3 substantive due process claims are **subject to the same standards as federal substantive due process claims**. The same is true for substantive due process claims involving land use regulations." *Id.* at *3 (emphasis added). "A law regulating the use of property violates substantive due process only if it fails to serve any legitimate governmental objective making it arbitrary or irrational" *Id.* (citing *Lingle v. Chevron U.S.A.*, 544 U.S. 528, 542, 125 S. Ct. 2074, 161 L. Ed. 2d 876 (2005)). "Even where a law restricts the use of private property, ordinances are presumed valid, and this presumption is overcome only by a clear showing of arbitrariness and irrationality." *Id.* at *7.

As set forth in the preceding section, Plaintiff has failed to demonstrate that passage of the Ordinance was conscience-shocking or clearly arbitrary or irrational and without any

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 10
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

benefit to public health, welfare or safety; therefore this claim must be dismissed.

### 3. Plaintiff's Federal "Equal Protection" and State "Privileges and Immunities" Claims are Based on a Scrivener's Error that has Been Corrected, and the Court has Concluded that the Ordinance is Non-Discriminatory.

Plaintiff's federal "equal protection" and state "privileges and immunities" claims are both based entirely on the distinction between "detention facilities" and "correctional facilities" included in the original version of the Ordinance. According to Plaintiff, the differential treatment violates federal Equal Protection and state "privileges and immunities" because the City "lacks any rational basis for subjecting detention facilities to stricter regulations than correctional facilities (such as prisons) under the Subject Ordinance." Dkt. #43-1 ¶60 (federal) and ¶56 (state).[7] From the inception of this lawsuit, the City has repeatedly explained that the distinction between correctional facilities and detention facilities in the table attached to Ordinance 28491 was a mistake and would be corrected. Scrivener's error has been corrected and the City Code now reflects that both correctional and detention facilities are treated exactly the same under the Ordinance. In its recent Order on cross motions for summary judgment (Dkt. #75) this Court resolved the issue, confirming that the differential treatment was merely "a scrivener's error that has been corrected." *Id.* at 12:13-14.

> Indeed, the City's Code now imposes the same requirements on detention and correctional facilities, and the Amended Ordinance itself contains no unequal language. ***Any prior discrimination has therefore ceased***.

*Id.* at 12:14-18 (emphasis added – internal citations omitted).

The central concern of both the federal equal protection and state privileges and immunities clause is "avoiding favoritism" and "preventing discrimination." *American Legion Post #149 v. Washington State Dept. of Health*, 164 Wn.2d 570, 606, 192 P.3d 306 (2008). Here, this Court has already held that "the Amended Ordinance is not

---

[7] The text of the state claim is essentially copied and pasted verbatim from the federal claim, indicating they are the same claim made under two separate sources of rights (federal constitution vs. Art. 1 §12 of the state constitution).

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 11
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

discriminatory," and GEO's entire basis for those claims has now disappeared. Dkt. #75, 12:7. As the Court held:

> GEO also argues that the Amended Ordinance is discriminatory because it only imposes new restrictions on NWDC. But this is because Tacoma's two public correctional facilities were "already nonconforming use[s]" before the Amended Ordinance was passed. See Findings of Fact and Recommendations Report, Dkt. # 70-2, Ex. I, at 3-4. In other words, rather than "treat[ing] someone else better than . . . the [federal] government," *Arcata*, 629 F.3d at 991, the Amended Ordinance merely imposes the same restrictions on NWDC that already applied to state facilities. ***This type of equal treatment is the opposite of discrimination***.

Dkt. #75, 13:1-7 (emphasis added).

Plaintiff's federal equal protection claims must fail because the Amended Ordinance treats the similarly situated correctional and detention facilities equally, and the reasons set forth by the City for enacting the Ordinance are plausible and legitimate. "[T]hose attacking the rationality of the legislative classification have the burden to ***negative every conceivable basis which might support it***[.]" *Federal Communications Comm'n v. Beach Communications, Inc.*, 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993) (emphasis added). Plaintiff cannot demonstrate any discrimination under the Amended Ordinance, and Plaintiff certainly has not met its "burden to negative every conceivable basis which might support the Ordinance."

### 4. Without Substantive Claims, Plaintiff's Declaratory Judgment Claim Fails as a Matter of Law

Declaratory relief under the Declaratory Judgment Act is not a cause of action in and of itself; rather, it is a remedy. *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *see also Rosenfeld v. JP Morgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 975 (N.D. Cal. 2010) ("[D]eclaratory and injunctive relief are not causes of action; rather, they are remedies."); *Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1181 (E.D. Cal. 2010) ("A declaratory judgment is not a theory of recovery. The [Act] merely offers an additional remedy to litigants."). Since declaratory

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 12
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

judgment is only a remedy, and therefore derivative of underlying claims, *a request for declaratory relief can only withstand a motion to dismiss if one of the substantive causes of action survives such a motion.* See, Avirez Ltd. v. Resolution Trust Co., 876 F. Supp. 1125, 1143 (C.D. Cal. 1995).

Here, once Plaintiff's substantive claims have been dismissed, the claim for declaratory relief must be dismissed as well.

## IV. CONCLUSION

Based on the foregoing, the City respectfully requests that Plaintiff's remaining claims against the City be dismissed with prejudice.

DATED: December 04, 2019.

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: /s/ Michael C. Walter
Michael C. Walter, WSBA #15044
By: /s/ Kimberly J. Waldbaum
Kimberly J. Waldbaum, WSBA #31529

Attorneys for Defendant City of Tacoma

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: mwalter@kbmlawyers.com
             kwaldbaum@kbmlawyers.com

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 13
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th. day of December, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff The GEO Group Inc.**

Joan K Mell
III Branches Law PLLC
1019 Regents Blvd., Suite 204
Fircrest, WA 98466
Email: joan@3brancheslaw.com

**Attorneys for Plaintiff The GEO Group Inc.**

Clayton P. Graham
Joseph P. Hoag
Grace K. Thompson
Davis Wright Tremaine LLP
920 5th Ave., Suite 3300
Seattle, WA 98104-1610
Email: claytongraham@dwt.com
Email: josephhoag@dwt.com
Email: gracethompson@dwt.com

**Attorneys for Defendant City of Tacoma**

Steve Victor
City of Tacoma
747 Market St., Suite 1120
Tacoma, WA 98402
Email: svictor@ci.tacoma.wa.us

DATED: December 4, 2019.

Vicki Milbrad, Legal Assistant

DEFENDANT CITY OF TACOMA'S MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIMS - 14
3:18-cv-05233-RBL
1035-00009/470098

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423